**WALLACK v. PEARL et al.**

Civil No. 2056.

District Court, E. D. New York.

Oct. 23, 1941.

Mathias Naphtali, of New York City, for plaintiff.

Alexander H. Rockmore, of New York City, for defendants David H. Pearl and Shirley Pearl.

Seymour Mamberg, of New York City, for Sani-Porcelain Enamel Products, Inc., and Morris Kulberg.

GALSTON, District Judge.

This action is brought by a trustee in bankruptcy on allegations which recite that David H. Pearl filed his voluntary petition in bankruptcy on November 2, 1940; that on or about March 18, 1940, the bankrupt purchased a LaSalle car; that in payment of the purchase price the bankrupt conveyed to the seller his Oldsmobile car and gave a purchase money mortgage for the balance in the sum of $240; and thereafter that the bankrupt paid and had said chattel mortgage satisfied.

It is alleged that at the time of the purchase of the automobile the bankrupt had the legal title to the LaSalle car registered in the name of his wife, the defendant Shirley Pearl; but that he retained control of the automobile. It is asserted that at the time of the transfer of the automobile to his wife, the defendant was insolvent and that the transfer to his wife was made for the purpose of defrauding, hindering and delaying creditors of the bankrupt. It is also alleged that subsequently, and prior to the filing of his petition, the bankrupt caused the defendant, Shirley Pearl, to execute and deliver to the defendant, Sani-Porcelain Enamel Products, Inc., a chattel mortgage on the LaSalle car in the sum of $500 and the chattel mortgage recited that Pearl was to re-pay to the Public National Bank a loan to be procured in the sum of $500 in installments as agreed between the bank and Pearl; that the Sani-Porcelain Enamel Products, Inc., was to become a co-maker on the note, and that if the mortgagee was compelled to make payment on said loan, the lien of the mortgage was then to be enforced. It is alleged that the defendant, Sani-Porcelain Enamel Products, Inc., did not become a co-maker on the loan and as a consequence was never entitled to enforce the alleged lien. The complaint further alleges that the bankrupt continued in possession and control of the automobile after the filing of his petition and un-

til December 14, 1940, at which time he surrendered possession to the defendants, Morris Kulberg and Sani-Porcelain Enamel Products, Inc.

Accordingly, the plaintiff seeks judgment setting aside the alleged transfer of the automobile to his wife, adjudging the defendant to be owner of the automobile as of the date of bankruptcy, adjudging the mortgage of the automobile to Sani-Porcelain Enamel Products Inc. to be invalid, directing the defendants to surrender the automobile to the plaintiff, and directing the automobile to be sold by plaintiff free of liens.

The proof shows that on March 18, 1940, Shirley Pearl owned an Oldsmobile car and that this car had been registered in her name with the State Motor Vehicle Bureau for approximately a year prior thereto. On March 18, 1940, the bankrupt and his wife visited the place of business of an automobile dealer and purchased from him a used LaSalle automobile. The purchase price was $640, and on the purchase price, Mrs. Pearl's automobile was accepted by him in part payment at a valuation of $400, leaving a balance of $240 to be paid on the contract. To cover this balance, the dealer took from the bankrupt a conditional sales agreement wherein the bankrupt undertook to pay that sum in installments of $20 per month. The LaSalle car was registered in the name of Shirley Pearl; and the plaintiff, the trustee in bankruptcy, failed to prove that on March 18, 1940, or at any time prior thereto, the bankrupt owned the Oldsmobile car.

In October, 1940, the bankrupt sought a loan from the Public National Bank and requested the Sani-Porcelain Enamel Products, Inc., with which Company he had some business relationship, to become a co-maker. Kulberg, one of the two stockholders of the corporation, agreed on behalf of the corporation, on condition that security be furnished. Thereupon, on October 22, 1940, the defendant, Shirley Pearl, executed the chattel mortgage to the corporation, which the plaintiff seeks to set aside as fraudulent.

The bank, having raised some question about having the corporation act as co-maker, agreed to accept Kulberg in that capacity. The note was executed and the bankrupt received the proceeds with Kulberg acting as co-maker.

Shortly thereafter the bankrupt filed his petition and, of course, in December failed to make the payment due the bank. Thereupon the Sani-Porcelain Company took possession of the car.

It is conceded that at the time of the filing of the petition in bankruptcy, on November 2, 1940, the bankrupt was using the LaSalle car and had it in his possession and continued to use it until some time in December, 1940. As has been indicated, the proof fails to show that the bankrupt at any time had title to the Oldsmobile car, and it likewise fails to show that he ever had title to the LaSalle car. It is true that the bankrupt paid the LaSalle dealer in monthly installments the sum of $120, under the conditional sales agreement. Hence the most that can be spelled out of the record in this case is that the bankrupt had a beneficial interest in the LaSalle automobile to the extent of $120. However, this is an action to set aside a transfer and to obtain possession of the LaSalle car. Since there never was a transfer by the bankrupt to his wife of the LaSalle car, the action against Shirley Pearl must be dismissed.

As to the defendant Kulberg, he does not appear to have possession of the car, nor did he at any time have title thereto, so the action against him must likewise be dismissed. Incidentally it may be observed that he performed the service which the bankrupt had sought of Kulberg's corporation. It matters not to the bankrupt that Kulberg was willing to have the corporation obtain the chattel mortgage. The bankrupt got exactly what he sought—a loan of $500 from the bank. If anybody has the right to demand the automobile from the defendant corporation, it is Kulberg and certainly not the bankrupt. The trustee in bankruptcy obviously is in no stronger position than the bankrupt, for there is no suggestion of a preferential payment to anybody. Indeed, by a far stretch of the imagination it might be possible to conceive of a claim by Shirley Pearl to set aside the chattel mortgage held by the corporation, but it certainly does not lie in the mouth of either the bankrupt or his trustee to advance any such claim.

Finally it may be observed that there was not a shadow of fraud involved in the whole transaction. So far as appears, Kulberg and the corporation acted in per-

fect faith with no proved or suggested intent to defraud existing or subsequent creditors. Kulberg incurred an obligation to the bank of five hundred dollars; and, of course, to hold the LaSalle car, it also became necessary to pay the unpaid balance of the purchase price.

The complaint will be dismissed against all defendants.